## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>   v.<br><br>**ANTOINE ADAMS, et al.** | **CRIMINAL ACTION**<br><br>**NO.  16-337-1** |

**Baylson, J.**                                                                                                                    **November 22, 2016**

### MEMORANDUM RE: DEFENDANT ADAMS' MOTION TO CONTINUE TRIAL

**I.     Introduction**

Before the Court is defendant Antoine Adams' ("Adams") Motion for a 60-day continuance of the trial currently scheduled for November 28, 2016.  (ECF 47, "Adams' Mot."). Adams' co-defendant, Shyheim Linder ("Linder"), opposes the Motion.  The Government does not.

For the following reasons, Adams' Motion to for a continuance will be **GRANTED**, and the new trial date will be January 17, 2017.

**II.    Background & Procedural History**

On August 17, 2016, the Government returned a five-count sealed indictment ("Indictment") charging Adams in four of the counts, including:

1. possession of heroin with intent to distribute on May 12, 2016, in violation of 21 U.S.C. § 841;
2. possession of heroin with intent to distribute on May 16, 2016, in violation of 21 U.S.C. § 841;
3. possession of heroin with intent to distribute on May 17, 2016, in violation of 21 U.S.C. § 841;
4. possession of a firearm in furtherance of a drug trafficking crime on May 17, 2016, in violation of 18 U.S.C. § 924(c)(1).

By Order, dated November 14, 2016, the Court granted Adams' previous, unopposed motion for a continuance, and scheduled the trial to begin on November 28, 2016.

On November 18, 2016, Adams filed the instant Motion, requesting a 60-day continuance of the new trial date. Adams cited, *inter alia*, the need for "additional time to review the discovery material, file pre-trial motions, prepare for trial and/or explore the possibility of a non-trial disposition in this case" as his reasons for the request. (Adams' Mot. ¶ 8).

During a telephonic conference with the parties on November 22, 2016, the Court set forth its reasons for granting the instant Motion, which are memorialized herein.

### III. Discussion

#### a. Speedy Trial Act

The Speedy Trial Act ("STA") provides that if a plea of not guilty is entered, the trial of a defendant charged in an information or indictment "shall commence within seventy [70] days from the filing date (and making public) of the information or indictment or from the date the defendant has appeared before a judicial officer of the court in which the charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Despite the strict time limits that the Act places on commencing trial, it also recognizes that criminal cases vary and that there are many valid reasons for delay. United States v. Erby, 419 Fed. App'x 176, 179 (3d Cir. 2011). Consequently, "the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." Zedner v. United States, 547 U.S. 489, 497 (2006).

Relevant here, Section 3161(h)(6) of the STA automatically excludes from the 70-day speedy trial clock "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been

granted." 18 U.S.C. § 3161(h)(6). "[U]nder this provision, and until severance is granted, 'an exclusion applicable to one defendant applies to all codefendants.'" Id. (quoting United States v. Novak, 715 F.2d 810, 814 (3d Cir. 1983)). In other words, "cases involving multiple defendants are governed by a single speedy trial clock and a delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants. United States v. Mouzon, No. 12-cr-0301-04, 2014 WL 956972, at *3 (M.D. Pa. Mar. 12, 2014).

In light of this clear statutory guidance, courts in this Circuit frequently reject defendants' arguments regarding alleged violations of the STA when time has been deemed excludable as to his/her co-defendant. The court in United States v. Cabrera, No. CRIM. 13-MJ-3674 MF, 2015 WL 260888, at *3–4 (D.N.J. Jan. 21, 2015), denying the defendant's motion to dismiss the criminal complaint for violation of the STA, provided the following explanation of its result:

> The plain language of the Speedy Trial Act is arguably dispositive of Cabrera's motion. The Government does not dispute that, with respect to continuance orders for Cabrera *only*, there are 93 non-excludable days that have elapsed since the date of his arrest with no indictment or information having been filed. If Cabrera were the only defendant in the case, there would be a clear, albeit innocent, violation of the Speedy Trial Act. But he is not. And . . . continuance orders have been in place for his co-defendants . . . for nearly all of the 93 days at issue, leaving only 4 non-excludable days. Cabrera does not dispute that continuance orders have been in place for his co-defendants, but argues they should not apply to *his* Speedy Trial calculation. It is a plausible argument, however, the Court disagrees. As mentioned above, the Speedy Trial Act excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Case law supports the notion that each continuance order entered by Cabrera's co-defendants-and thus, all "excludable time" attributable to their Speedy Trial calculations-apply to his Speedy Trial clock as well.

granted." 18 U.S.C. § 3161(h)(6). "[U]nder this provision, and until severance is granted, 'an exclusion applicable to one defendant applies to all codefendants.'" Id. (quoting United States v. Novak, 715 F.2d 810, 814 (3d Cir. 1983)). In other words, "cases involving multiple defendants are governed by a single speedy trial clock and a delay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants. United States v. Mouzon, No. 12-cr-0301-04, 2014 WL 956972, at *3 (M.D. Pa. Mar. 12, 2014).

In light of this clear statutory guidance, courts in this Circuit frequently reject defendants' arguments regarding alleged violations of the STA when time has been deemed excludable as to his/her co-defendant. The court in United States v. Cabrera, No. CRIM. 13-MJ-3674 MF, 2015 WL 260888, at *3–4 (D.N.J. Jan. 21, 2015), denying the defendant's motion to dismiss the criminal complaint for violation of the STA, provided the following explanation of its result:

> The plain language of the Speedy Trial Act is arguably dispositive of Cabrera's motion. The Government does not dispute that, with respect to continuance orders for Cabrera *only*, there are 93 non-excludable days that have elapsed since the date of his arrest with no indictment or information having been filed. If Cabrera were the only defendant in the case, there would be a clear, albeit innocent, violation of the Speedy Trial Act. But he is not. And . . . continuance orders have been in place for his co-defendants . . . for nearly all of the 93 days at issue, leaving only 4 non-excludable days. Cabrera does not dispute that continuance orders have been in place for his co-defendants, but argues they should not apply to *his* Speedy Trial calculation. It is a plausible argument, however, the Court disagrees. As mentioned above, the Speedy Trial Act excludes "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Case law supports the notion that each continuance order entered by Cabrera's co-defendants-and thus, all "excludable time" attributable to their Speedy Trial calculations-apply to his Speedy Trial clock as well.

Id.  Other courts have come to similar conclusions.  See, e.g., United States v. Stallings, 14-CR-69, 2016 WL 427912, at *5–6 (M.D. Pa. Feb. 4, 2016) (denying defendant's motion to dismiss indictment pursuant to the STA because the court had granted co-defendants' motions for continuance of trial, and "the [co-defendants'] motion thus applied *de facto* to [defendant] under § 3161(h)(6) of the [STA]."); United States v. Mouzon, No. 12-CR-0301-04, 2014 WL 956972, at *4 (M.D. Pa. Mar. 12, 2014) (explaining that the co-defendant's "motion [for continuance] was imputed to [the d]efendant for purposes of computation of time under the Speedy Trial Act, so [the d]efendant effectively joined the motion," and holding that delay caused by co-defendant's motion for continuance was therefore properly excluded as to defendant.); United States v. Tripp, No. 11-cr-0086-05, 2012 WL 947238, at *3 (E.D. Pa. Mar. 20, 2012) (holding that "severance is not required to preserve defendant's right to a speedy trial under the [STA]. . . Since the co-defendants have sought a continuance, the time within which a trial must commence under the Speedy Trial Act has not expired as to them. Consequently, the time has also not expired as to Defendant.").

As explained above, pursuant to Section 3161(h)(6) of the STA, the Court has discretion to grant Adams' Motion notwithstanding Linder's objection or "refusal to waive his rights under the [STA]."  (Adams' Mot. at 1).  As explained more fully during the November 22, 2016 telephonic conference, the Court finds that Adams has presented compelling reasons why he and his counsel require more time to prepare for trial, (Adams' Mot. ¶¶ 8-19), and why this additional time will not prejudice Linder.  (Adams' Mot. ¶¶ 26-27).  Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A)(B), the Court finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendants in a speedy trial.

### b. Sixth Amendment Right to a Speedy Trial

Notwithstanding the Court's conclusion with respect to the STA, we must also consider Linder's constitutional right to a speedy trial. The speedy trial clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Courts have concluded that "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Johnson, No. CRIM. A. 05-440-09, 2008 WL 2682877, at *4 (E.D. Pa. July 8, 2008) (quoting United States v. Aldaco, 477 F.3d 1008, 1018-19 (8th Cir. 2007)). In determining whether a defendant has been deprived of his right to a speedy trial, the Supreme Court directs that courts consider four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

The Court finds that all of the Barker factors weigh against any constitutional violation. The time between when the Government returned the Indictment and the commencement of trial will be a total of five months, which is not "presumptively prejudicial," Barker, 407 U.S. at 530. Moreover, the delay was not caused by the Government, and Linder will not be unduly prejudiced by the relatively-short delay, since his ability to adequately prepare his defense has not been impaired. See United States v. Johnson, 2008 WL 2682877, at *4.

### IV. Conclusion

An appropriate Order follows.

O:\Jessica.2016\16-cr-337, United States v. Adams\Memo Re Defendant Adams' Motion to Continue Trial.docx